IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| ESTHER ENRIQUEZ, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) Case 2:26-cv-109-GBW-KRS |
| MESILLA VALLEY MANUFACTURED HOUSING COMMUNITY, LLC; and ROSEHILL PROPERTY MANAGEMENT, INC., | ) ) ) ) |
|     Defendants. | ) ) |

## ORDER TO AMEND NOTICE OF REMOVAL TO PLAUSIBLY ALLEGE FEDERAL COURT JURISDICTION

THIS MATTER is before the Court *sua sponte* upon its review of the Notice of Removal. On December 3, 2025, Plaintiff Esther Enriquez filed a Complaint for Damages And Declaratory Judgment ("Complaint") in the Third Judicial District, Doña Ana County, New Mexico (Doc. 1-1). On January 20, 2026, Defendants Mesilla Valley Manufactured Housing Community, LLC ("Mesilla Valley") and Rosehill Property Management, Inc. ("Rosehill") removed the Complaint to this Court, asserting federal court subject matter jurisdiction based on diversity of citizenship, 28 U.S.C. § 1332(a). (Doc. 1 at 1).

"Federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" *Image Software, Inc. v. Reynolds & Reynolds Co.,* 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514 (2006)). As the parties asserting federal jurisdiction, Defendants bear the burden of adequately pleading, and ultimately proving, subject

matter jurisdiction. *Anderson v. XTO Energy, Inc.*, 341 F. Supp. 3d 1272, 1275 (D.N.M. 2018). Having considered Defendants' jurisdictional allegations in the Notice of Removal (Doc. 1), the applicable law, and being otherwise fully advised in the premises, the Court concludes that the Notice of Removal fails to include the necessary facts to plausibly allege diversity jurisdiction.

    A.    **Citizenship of Mesilla Valley**

Defendant Mesilla Valley is a limited liability company ("LLC"). *See* (Doc. 1 ¶ 15). A limited liability company is a citizen of each and every state in which any member is a citizen. *Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015). In addition, "if any member of an unincorporated entity is itself an unincorporated entity, then the [party asserting diversity jurisdiction] must identify that unincorporated entity's members and those members' citizenship, tracing through however many layers necessary to reach either a corporation or a natural person." *ADA Carbon Sols. (Red River), LLC v. Atlas Carbon, LLC*, 146 F.4th 1296, 1304 (10th Cir. 2025) (internal quotation marks and citation omitted).

The Notice of Removal alleges that Mesilla Valley is comprised of three members: Great Space, LLC, Oikos Investments Ltd, and Century Boulevard Corporation. (Doc. 1 ¶ 15). The Notice of Removal adequately alleges that Century Boulevard Corporation is a citizen of Texas because it is incorporated and has its principal place of business in that State. (*Id.* ¶15(c)). *See* 28 U.S.C.§ 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and . . . where it has its principal place of business").[1] Great Space, LLC and Oikos Investments Ltd, on the other hand, are business entities that each have their own

---

[1] The Notice of Removal alleges that "the sole member of Century Boulevard Corporation" is Jarkesy Family Partnership Ltd. (Doc. 1 ¶ 15(c)). However, a corporation does not have "members"; it has stockholders. And for purposes of the diversity statute, the citizenship of each of a corporation's stockholders is irrelevant. *See* 28 U.S.C.§ 1332(c)(1).

2

constituent members. The Notice of Removal alleges that Great Space is a limited liability company whose membership is comprised of Jarkesy Family Partnership Ltd., the Miranda Pena 2022 Trust, the Netza Ivette Pena Jarkesy 2022 Trust, the Olivia Marie Jarkesy2022 Trust, and the Maximus Aaron Jarkesy 2022 Trust. It alleges that the Jarkesy Family Partnership Ltd. is a limited partnership the "membership" of which is comprised of George R. Jarkesy Jr., Oikos Investments Ltd. and Jarkesy Venture, LLC. Jarkesy Venture, LLC's sole member is George R. Jarkesy Jr., while Oikos Investment Ltd is a limited partnership whose "membership is comprised of George R. Jarkesy Jr., the George Jarkesy III 2019 Trust, the Maximus Aaron Jarkesy 2019 Trust, and Olivia Marie Jarkesy 2019 Trust." (Doc. 1 at 5).

### 1. Citizenship of a Limited Partnership

The Notice of Removal refers to Oikos Investment Ltd and the Jarkesy Family Partnership Ltd. as being comprised of "members." The constituent entities of a limited partnership includes general and limited partners, and its citizenship is determined by reference to both of those groups. *See Ross Dress For Less, Inc. v. Magness,* Civ. No. 25-814 JHR/SCY, 2025 WL 2430422, at *2 (N.M.D. Aug. 22, 2025) (quoting *Carden v. Arkoma Assocs.,* 494 U.S. 185, 185 (1990)). Because the Court cannot tell from the reference to "members" whether the Notice of Removal has identified all general and all limited partners of Oikos Investment Ltd and the Jarkesy Family Partnership Ltd., Defendants will be required to file an amended Notice of Removal clarifying those allegations.

### 2. Citizenship of a Trust

Most of the constituent members of Great Space, LLC and Oikos Investments Ltd. are trusts, whose citizenship is alleged in the Notice of Removal based on the citizenship of the trustees. "The citizenship of a traditional trust … depends only on the citizenship of its trustees."

3

*ADA Carbon Sols. (Red River), LLC,* 146 F.4th at 1304. But an "entity's membership is not limit[ed] to its trustees just because the entity happens to call itself a trust." *Id.* at 1305 (internal quotation marks and citations omitted). Unlike a traditional trust, a "non-traditional trust," also called a "business trust," "takes the citizenship of all its members." *Id.* "[T]o determine whether a trust is traditional, courts must look to the laws of the state where the trust is formed, with the primary consideration being whether the trust exists as a fiduciary relationship or as a separate legal entity. … [T]o determine a non-traditional trust's members, courts must again look to state law to ascertain who is in the same position as those who have been designated members of other unincorporated entities, such as partners, shareholders, or others with ownership interests." *Id.* (internal quotation marks and citations omitted).

The Notice of Removal does not allege any information from which the Court can determine if the trusts in question are traditional or business trusts.[2] As the Tenth Circuit explained:

> Neither party … provided any information about the proper classification of the four trusts under state law. Without information about the trusts' designations or their beneficiaries, it is impossible to determine their respective citizenships. If these trusts are traditional trusts, they take the citizenship of only their trustees. But if these trusts are non-traditional trusts, then they take the citizenship of all of their members—like any unincorporated entity would—which may or may not include the trusts' beneficiaries, depending on the particularities of the trusts under applicable state law. Consequently, we have no way of knowing the trusts' citizenships.

*Id.* at 1306.[3]

---

[2] "The rules for determining citizenship do not change depending on whether a trust is embedded within another business entity." *ADA Carbon Sols. (Red River), LLC*, 146 F.4th at 1306 (quoting *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 41 (3d Cir. 2018)). Thus, "a trust takes the citizenship of all its members regardless of the trust's position within an unincorporated entity's ownership structure." *Id.* at 1307.

[3] The Tenth Circuit took "no position on how to determine the membership of non-traditional trusts" because it "lack[ed] briefing as well as a lower court decision on the issue." *ADA Carbon Sols. (Red River), LLC*, 146 F.4th at 1306 n.5. Instead, the court left the issue "to the district court to consider in the first instance, if necessary," while also "not[ing] that the Supreme Court in *Americold* looked to state law to determine who the business trust's members are and determined that the trust's members included its beneficiaries." *Id.* Therefore, the court concluded, "at the very

Defendants must amend the Notice of Removal to allege sufficient information from which the Court can determine whether the trusts named in the Notice of Removal are traditional trusts or business trusts. If the trusts are business trusts, then the amended Notice of Removal must additionally allege the facts necessary under state law for identifying the "members" of those trusts, which likely would include at least identifying the beneficiaries of each of the trusts. The amended Notice of Removal would then have to provide the necessary information for determining the citizenship of each of the trust members, including the beneficiaries.

### 3.     Citizenship of Individuals

To the extent that any LLC members, LP partners, or Trustees named in the Notice of Removal are individuals, the Notice of Removal improperly alleges their citizenship by referencing where each individual resides. *See* (Doc. 1 ¶ 15). For diversity-jurisdiction purposes, citizenship is determined by a person's *domicile*, and a person's domicile is defined as the place in which the party has a residence in fact *and* an intent to remain indefinitely, as of the time of the filing of the lawsuit. *See Crawley v. Glaze*, 710 F.2d 776, 678 (10th Cir. 1983). "[A]n allegation that a party ... is a resident of a state is not equivalent to an allegation of citizenship and is insufficient to confer jurisdiction upon the District Court." *Siloam Springs Hotel, L.L.C.,* 781 F.3d at 1238.[4] As the Tenth Circuit recently explained:

> While "[r]esidence alone is not the equivalent of citizenship," the "place of residence is prima facie [evidence of] domicile." However, as we have explained, "the prima facie case flowing from an

---

least, beneficiaries of non-traditional trusts are relevant to the jurisdictional analysis in some circumstances." *Id*. (discussing *Americold Realty Tr. v. Conagra Foods, Inc*., 577 U.S. 378 (2016)).

[4] *See also Travaglio v. Am. Exp. Co*., 735 F.3d 1266, 1269 (11th Cir. 2013) ("The allegations in Travaglio's complaint about her citizenship are fatally defective. Residence alone is not enough."); *Simon v. Taylor*, 455 F. App'x 444, 446 (5th Cir. 2011) ("an allegation that the parties are 'residents' of particular states is insufficient to provide the court with diversity jurisdiction"); *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity."); *Kantrow v. Celebrity Cruises Inc.*, 533 F. Supp. 3d 1203, 1215 (S.D. Fla. 2021) (citing additional cases).

>allegation of residence must be backed up by a district court finding, at some later point in the proceeding, as to the existence of diversity at the time of the filing of the complaint."

*ADA Carbon Sols. (Red River), LLC*, 146 F.4th at 1303 n.3 (quoting *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994), and *Siloam Springs Hotel, L.L.C.,* 781 F.3d at 1235)). To avoid any jurisdictional doubts down the road, the Court will require Defendants, when they file an amended Notice of Removal, to properly allege citizenship of individuals by reference to their domicile rather than residence.[5]

### B. Amount in Controversy

"[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). Plausibility may turn on allegations in the complaint and/or information provided in the notice of removal. *See Buscema v. Wal-Mart Stores E. LP,* 485 F. Supp. 3d 1319, 1328 (D.N.M. 2020) ("When a complaint does not state a specific amount in controversy, a defendant's notice of removal may do so." (citing *Dart Cherokee*, 574 U.S. at 84 (citing § 1446(c)(2)(A))). In the absence of an explicit demand in the complaint for more than $75,000.00, or specific factual allegations from which an actual calculation can be performed, the removing defendant must show how much is in controversy through other means, such as "interrogatories or admissions in state court; … informal estimates or settlement demands[;] or …. evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands." *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008)

---

[5] *See, e.g., Sample v. Hilton Worldwide Holdings Inc.,* No. 25CV984 JFR/SCY, 2025 WL 2926893, at *2 (D.N.M. Oct. 15, 2025) ("There being no other proof in the record indicating citizenship, an allegation of 'residency' and not 'citizenship' is insufficient to confer jurisdiction on this Court." (citing *Vincent v. Nelson*, 51 F.4th 1200, 1211-12 (10th Cir. 2022) (complaint alleging residency was insufficient to confer jurisdiction); and *McEntire v. Kmart Corp*., No. 09cv567 JB/LAM, 2010 WL 553443, at *8 (D.N.M. Feb. 9, 2010) (collecting cases discussing requirement to amend notice of removal))).

(quoting *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536 (7th Cir. 2006)); *see also Roe v. Michelin N. Am.*, Inc., 613 F.3d 1058, 1061 (11th Cir. 2010) (explaining that in some cases, the removing defendant may need "to provide additional evidence demonstrating that removal is proper")). Once the removing defendant has plausibly alleged the amount in controversy, evidence "establishing jurisdiction [is not] required," unless "the plaintiff contests, or the court questions, the defendant's [plausible] allegation[s]." *Brown v. Nationwide Ins. Co.*, No. 21-4122, 2023 WL 4174064, at *4 (10th Cir. June 26, 2023) (unpublished) (citing *Dart Cherokee*, 574 U.S. at 89, and *McPhail*, 529 F.3d at 955). If a challenge is made, "the 'party invoking diversity jurisdiction bears the burden of proving its existence by a preponderance of the evidence.'" *Id.* (quoting *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014)).

  The state court complaint alleges that Plaintiff was told that she could purchase a mobile home for $10,800, with a $2,500 down payment, and monthly payments thereafter towards the purchase price of $385 plus an additional $465 per month to lease the mobile home space. (Doc. 1-1 at 2 (Complt, ¶10)). Plaintiff allegedly paid the $2,500 in cash, and moved into the home, after which she made payments for repairs, including trying to fix an air conditioner and having the house leveled. (*Id.* at 3 (Complt. ¶¶ 11, 21)). Plaintiff alleges she tried on several occasions to make her monthly payments, but she was rejected each time. (*Id.* (Complt. ¶ 22)). She alleges that she was then informed that she did not have a contract, and that she needed to submit an application and pay a $45 application fee. (*Id.* at 4 (Complt. ¶ 23)). The complaint alleges claims and unspecified damages for breach of contract; breach of implied warranty; violations of the Manufactured Housing Act and the Unfair Practices Act (UPA); and fraud.

  From these allegations, it appears that Plaintiff is out-of-pocket $2,500 plus the costs of the repairs. Notwithstanding these relatively minimal out-of-pocket losses, the Notice of Removal

asserts that the jurisdictional minimum is satisfied because the complaint seeks attorneys' fees, punitive damages, and/or treble damages. (Doc. 1 ¶¶ 20-22). "In determining whether the amount in controversy exceeds $75,000.00, a court may aggregate actual damages, punitive damages, attorney's fees, and statutorily imposed penalties." *Wiatt v. State Farm Ins. Cos.*, 560 F. Supp. 2d 1068, 1075 (D.N.M. 2007) (internal citations omitted). For the court to consider punitive damages and/or or statutorily imposed penalties such as treble damages, they must be "recoverable as a matter of governing substantive law" and the plaintiff's allegations must include some facts from which entitlement to punitive damages or statutory penalties can be plausibly inferred. *See id.* "Attorney's fees may be considered if a contract provides for them or if a statute mandates or allows their payment." *Id.*

Although the Notice of Removal does not provide any explanation, or point to the necessary supporting factual allegations in Plaintiff's complaint, the Court will assume that Plaintiff's complaint plausibly alleges entitlement to punitive damages, treble damages, and attorney's fees under state law and/or any applicable contract. Nevertheless, it is "well settled that vaguely listing categories of damage does not satisfy a removing defendant's burden of establishing the amount in controversy." *Warren v. Wild 1, Inc.*, No. CV 24-00471-KD-B, 2025 WL 980081, at *11 (S.D. Ala. Mar. 13, 2025) (citing cases), *report and recommendation adopted*, No. CV 24-00471-KD-B, 2025 WL 978398 (S.D. Ala. Mar. 31, 2025); *see also Gamboa v. Occidental Fire & Cas. Co. of N.C.,* No. CV 23-5843, 2024 WL 147852, at *2 (E.D. La. Jan. 12, 2024) ("pleading general categories of damages, ... without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the facially apparent test" (internal quotation marks and citations omitted)). Further, "[w]hen the amount in controversy

depends largely on alleged punitive damages, the court 'will scrutinize a claim ... more closely than a claim for actual damages to ensure Congress's limits on diversity jurisdiction are properly observed.'" L*ange v. State Farm Mut. Auto. Ins. Co.*, No. SACV08-1466DOC(RZX), 2009 WL 322835, at *1 (C.D. Cal. Feb. 9, 2009) (quoting *McCorkindale v. Am. Home Assurance Co.*, 909 F. Supp. 646, 655 (N.D. Iowa 1995)).

Defendants have asserted that punitive damages, treble damages, and attorney's fees plausibly exceed $75,000.00 without any reference to the amount of compensatory damages at stake in the case. With Plaintiff alleging facts showing that her out-of-pocket damages are only $2,500 plus repairs—"well shy of the minimum jurisdictional amount"—it is far from apparent that even if the Court considers the cited categories of damages, the amount in controversy would exceed $75,000.00. *Wiatt*, 560 F. Supp. 2d at 1079. Treble damages would add an additional $7,500 plus the trebled cost of repairs to Plaintiff's potential compensatory recovery of $2,500 plus the cost of repairs. And it seems highly unlikely that if punitive damages are recoverable in addition to treble damages,[6] those damages could exceed more than at most ten times the compensatory damages,[7] which would be an additional $25,000 for Plaintiff's down-payment loss. Even if

---

[6] "In *Hale v. Basin Motor Co.*, the New Mexico Supreme Court concluded that section 57–12–10(D) [of the UPA] allowed a prevailing claimant to be awarded treble damages under the UPA, as well as punitive damages if a separate common law theory of liability is proved. 110 N.M. 314, 795 P.2d 1006, 1012 (N.M.1990). To prevent double recovery, the party must then elect to accept either the award of treble damages or the compensatory plus punitive damages award. *Id.* If the party's combined award of compensatory and punitive damages is greater than the trebled damages under the UPA, the party has the option of taking the greater punitive damages award." *Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1218 (10th Cir. 2003).

[7] Although "[t]here is no statutory limit to the amount of punitive damages a plaintiff may request," nor are there any "specific guidelines this court can cite," the Court of Appeals of New Mexico … cited the analysis set forth in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), which requires a court 'to look at 1) the degree of reprehensibility of the conduct; 2) the ratio of the punitive award to the actual harm inflicted on plaintiff; and 3) a comparison between the punitive award and other sanctions that could be imposed for comparable misconduct.' The New Mexico court further stated that '[i]n economic injury cases, if the damages are significant and the injury not hard to detect, the ratio of punitive damages to the harm generally *should not exceed ten to one*.'" *Burrell v. Burrell*, 229 F.3d 1162, 2000 WL 1113702, at *2 (10th Cir. 2000) (unpublished) (emphasis added) (quoting *Weidler v. Big J Enterprises, Inc.*, 124 N.M. 591, 603, 953 P.2d 1089, 1101, 1102 (N.M. Ct. App. 1997).

Plaintiff spent an equal amount on repairs—not very likely—multiplying that amount by ten would result in a total punitive damages award of only $50,000, an insufficient amount when added to the alleged out-of-pocket losses to put the total amount in controversy over the jurisdictional limit. Even though the Court could add to that total an amount for attorney's fees, "Defendant[s] provide[ ] the Court with no evidence to suggest that attorney's fees … would bring the amount in controversy above the jurisdictional threshold." *Scheidt v. MHM Health Pros., LLC,* No. 1:23-CV-00346-DHU-KK, 2024 WL 1256979, at *3 (D.N.M. Mar. 25, 2024). In short, "to arrive at a figure that satisfies the jurisdictional threshold, the Court would be required to speculate. It is the Defendant[s'] burden to provide the Court with sufficient information, and in regard to [treble and/or punitive damages, and] reasonable attorney's fees to be added to Plaintiff's damages, Defendant[s] ha[ve] not provided a reasonable estimate." *Id.*[8]

The Court is permitted "to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings" and "may use [its] judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe,* 613 F.3d at 1061-62. But "that is not an invitation to speculate as to whether the requisite amount in controversy is facially apparent." *Vail v. Smarterfuel S., LLC,* Civil Action

---

[8] *See also Medina on behalf of Medina v. Wal-Mart Stores E., Inc.,* No. CV 24-767 GBW/KRS, 2024 WL 5087557, at *3 (D.N.M. Dec. 12, 2024) ("Defendant offers no other evidence to support removal outside of the Complaint's allegations and prayers for relief."); *Sanchez v. Dick's Sporting Goods, Inc*., No. CV 14-222 MCA/KBM, 2014 WL 12791244, at *4 (D.N.M. May 15, 2014) (where the defendant's Notice of Removal did not refer to the criteria for awarding punitive damages, or allege underlying facts that would allow the court to estimate a range of punitive damages that would be recoverable and sustainable under New Mexico law under the facts of the case); *Hoffman v. McCarthy, No.* 12-CV-01609-PAB, 2012 WL 2501098, at *1 (D. Colo. June 27, 2012) (where defendant did not suggest what monetary value the Court should attach to plaintiff's requested categories of damages, and also noting that the plaintiff sought attorney's fees but did not provide any estimate of what those fees might be, citing *Nagim v. Abraham*, No. 11-CV-00729-CMA-MEH, 2011 WL 1211394, at *1 (D. Colo. Mar. 31, 2011) (where the plaintiff sought $25,000 in damages plus punitive damages, and the defendants "merely allude[d] to the unspecified amount of punitive damage" without pointing to any underlying facts, objective evidence, or factual or economic analysis, from which the court could determine in a non-speculative manner that the amount of punitive damages could potentially be enough to reach the jurisdictional minimum) (internal citations omitted), *report and recommendation adopted*, No. 11-CV-00731-REB-MEH, 2011 WL 1899781 (D. Colo. May 19, 2011))).

No. 13–00277–KD–N, 2013 WL 5373525, at *6 (S.D. Ala. Sept. 25, 2013); *see also Medina,* 2024 WL 5087557, at 2 ("While a defendant may refer to the substance and nature of the injuries and damages described in the pleadings to meet their burden, vague and general allegations may be insufficient grounds for the court to find, without resorting to speculation, that the amount in controversy has been satisfied." (internal quotation marks and citations omitted)). "Nothing in [the complaint's] sparse allegations and generic list of unspecified damages makes it clear that the amount in controversy reaches the jurisdictional amount." *Warren,* 2025 WL 980081, at *11. Without any "specific factual support for [Defendants'] assertion," *Wiatt*, 560 F. Supp. 2d at 1079, that the aggregate amount of treble damages, punitive damages, and attorney's fees would exceed $75,000.00, the Court is unable to determine that Defendants have plausibly alleged the amount in controversy requirement is satisfied such that removal was proper.

When faced with insufficient allegations in a notice of removal, courts generally will grant the removing defendants leave to amend their notice of removal to cure "the errors in some of the formalistic technical requirements." *Quintana v. Yost*, No. Civ 17-0701 JB/JHR, 2018 WL 3849881, at *4 (D.N.M. Aug. 11, 2018). **ACCORDINGLY**, Defendants are ordered to file, on or before **February 13, 2026,** an amended notice of removal correcting the deficient jurisdictional allegations identified above. If Defendants are unable to allege federal court jurisdiction as set forth herein, the Court may recommend that the case be remanded. *See Brown*, 2023 WL 4174064, at *3 ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." (quoting 28 U.S.C. § 1447(c)).

**IT IS SO ORDERED** this 27th day of January, 2026.

*/s/ Kevin Sweazea*
_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE