IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ESTHER ENRIQUEZ,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　Plaintiff,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　　)　　　Case 2:26-cv-109-GBW-KRS
　　　　　　　　　　　　　　　　　　　　)
MESILLA VALLEY MANUFACTURED　　)
HOUSING COMMUNITY, LLC; and　　　)
ROSEHILL PROPERTY MANAGEMENT, INC.,　)
　　　　　　　　　　　　　　　　　　　　)
　　　Defendants.　　　　　　　　　　　)

**ORDER**

On January 27, 2026, the Court ordered Defendants to file an amended notice of removal that plausibly alleged federal court jurisdiction. (Doc. 4). This matter is currently before the Court upon its review of the Amended Notice of Removal Defendants filed in response to that order. *See* (Doc. 7).

Upon review of the Amended Notice of Removal, the Court finds that Defendants have set forth the previously missing information to adequately identify and allege the citizenship of all parties, including the various constituent member Trusts, and that the Amended Notice of Removal plausibly demonstrates that there is complete diversity among the parties.

The Court also finds that the Amended Notice of Removal adequately alleges that the amount in controversy plausibly exceeds the $75,000.00 jurisdictional minimum. The Amended Notice of Removal adequately alleges facts showing that the complaint puts into controversy reliance damages of around $3,700.00. (Doc. 7 ¶ 27). It also adequately alleges facts showing that the complaint puts into controversy expectation damages of approximately $21,200.00. (*Id.* ¶ 28).

But the Amended Notice of Removal is mistaken that the two amounts can be added together to arrive at a total amount of actual damages in controversy of $24,950.00. (*Id.* ¶ 29).[1]

Nevertheless, using the higher of the two measures of recovery, the complaint puts into controversy actual damages in the amount of $21,200.00. Treble damages would put the amount in controversy at $63,600.00. The Court does not think that Defendants have plausibly shown that punitive damages are a possibility, as this is primarily a breach of contract and statutory fraud case. Nevertheless, Plaintiff might be entitled to recover attorney's fees under her statutory fraud claims, and the Court finds that it is plausible to assume that those fees might exceed the $11,400.00 required to put the amount in controversy over the $75,000.00 threshold.

ACCORDINGLY, the Court finds that the Amended Notice of Removal plausibly alleges the requirements of federal diversity jurisdiction. The Court will enter a separate order on the docket scheduling a Rule 16 conference forthwith.

IT IS SO ORDERED this 11th day of March, 2026.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

---

[1] "[A] plaintiff may not receive both forms of damages; thus, if a plaintiff chooses to recover h[er] reliance damages for h[er] out-of-pocket expenses, [s]he may not also recover damages for h[er] expectancy damages, i.e., for the profits or benefits [s]he would have received if the contract had been performed, as allowing for both forms of damages would result in an impermissible double recovery." *Siam v. Mountain Vista Builders*, 544 S.W.3d 504, 516 (Tex. App. 2018); *see also Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv., II, LLC*, 887 F.3d 1003, 1026 (10th Cir. 2018) ("[R]eliance damages are awarded *in lieu of* expectation damages, they are generally viewed as—from the plaintiff's perspective—a second-best option, selected only where expectation damages are difficult or impossible to prove." (emphasis added)); *In re Rose*, No. 4:19-CV-98, 2021 WL 3795421, at *8 (E.D. Tex. Aug. 25, 2021) (same; citing, inter alia, *Amigo Broad., LP v. Spanish Broad. Sys., Inc.*, 521 F.3d 472, 485 (5th Cir. 2008) (citing RESTATEMENT (SECOND) OF CONTRACTS § 349 (1981))), *aff'd in part, rev'd in part, dismissed in part on other grounds*, 156 F.4th 602 (5th Cir. 2025)).