**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ESTHER ENRIQUEZ,

Plaintiff/Counterdefendant

v. Case No. 2:26-cv-109-KG-KRS

MESILLA VALLEY MANUFACTURED HOUSING COMMUNITIES, LLC, and ROSEHILL PROPERTY MANAGEMENT, INC.,

Defendants/Counterplaintiffs.

# ORDER

THIS MATTER is before the Court on Plaintiff's Motion To Require Appearance Of Counsel And For Limited Extension Of Plaintiff's Discovery Deadline and Related Deadlines (Motion) (Doc. 31).

At the August 19, 2026 hearing on the motion to withdraw filed by counsel for the Mesilla Parties,[1] the Court stated that it would grant the motion to withdraw and allow the Mesilla Parties two weeks to find replacement counsel. *See* (Doc. 28 at 2). The Court warned the Mesilla Parties[2] that if an attorney did not enter an appearance on their behalf, a default judgment may be entered

---

[1] The Mesilla Parties include Defendants and Counterplaintiffs Mesilla Valley Manufactured Housing Communities, LLC ("Mesilla Valley") and Rosehill Property Management, Inc. ("Rosehill").

[2] The Mesilla Parties appeared at the hearing through corporate representatives George Jarkesy and Vina Ramirez. (Doc. 28 at 1). Ms. Ramirez is the regional manager for Rosehill. *See Trejo v. Mesilla Valley Mfg. Hous. Comms., LLC*, *et al.*, No. 2:26-cv-997 KG-DLM, Doc. 23 at 1. Mr. Jarkesy is the managing member for Mesilla Valley, Rosehill, and a third entity, Gasden Manufactured Housing Community, LLC ("Gasden"). *Id.* Gasden is not named in this lawsuit but is a defendant in several other lawsuits involving Rosehill and/or Mesilla Valley, including another case before the undersigned, *M&J Real Estate Investments, LLC, et al. v. Mesilla Valley Manufactured Housing Communities., LLC, et al.,* 2:25-cv-1160 DHU-KRS, as well as the two cases mentioned by the Motion in which Magistrate Judge Martinez is the presiding pretrial judge, *see infra*, note 4.

against them. (*Id.* at 1). More than four weeks have passed since the August 19 hearing without an appearance of counsel having been filed on behalf of the Mesilla Parties. But rather than seek a default judgment against the Mesilla Parties,[3] Plaintiff has filed the present Motion in which she asks that the Court extend the deadline for the Mesilla Parties to file an appearance of counsel to October 2, 2026. Plaintiff states that October 2, 2026 is an appropriate deadline because it is the deadline for an appearance of counsel to be filed imposed by Magistrate Judge Martinez in two other cases involving the Mesilla Parties.[4] Plaintiff also requests that the Court extend the current scheduling order deadlines by 90-days but limit the extension to Plaintiff only. The Motion states that Plaintiff "does not ask the Court prospectively to foreclose Defendants from seeking appropriate relief should circumstances arising during Plaintiff's extended discovery period establish good cause for particular discovery by Defendants. If such circumstances arise, Defendants, through substitute counsel, may bring them to the Court's attention and seek appropriate relief." (Doc. 31 at 8-9).

After considering the Motion and Plaintiff's arguments therein, the Court **GRANTS** the Motion in part as follows:

1. The Court **EXTENDS** the deadline for the Mesilla Parties to file an appearance of counsel from September 2, 2026 to **October 2, 2026**. If an attorney appearance has not been

---

[3] The August 19, 2026 hearing on the motion to withdraw in this case was held in conjunction with a similar motion to withdraw that had been filed by the same attorneys in the other case before the undersigned involving the Mesilla Parties, *M&J Real Estate Investments, LLC,* 2:25-cv-1160. *See supra* note 2. In that case, the plaintiffs have sought dispositive relief for the Mesilla Parties' failure to appear by counsel within the two-week deadline imposed by the Court, including a default judgment against the Mesilla Parties and dismissal of their counterclaims. *See M&J Real Estate Investments, LLC,* 2:25-cv-1160*,* Docs. 64-67.

[4] The two other cases are *Guillén v. Gadsden Manufactured Housing Community, LLC, et al.,* No. 2:26-cv-996-SMD-DLM, and *Trejo v. Mesilla Valley Manufactured Housing Communities, LLC*, *et al.*, *supra* note 2.

entered by October 2, 2026, Plaintiff is instructed to take appropriate steps for seeking a dismissal of the Mesilla Parties' counterclaims for lack of prosecution and a default judgment on Plaintiff's claims against the Mesilla Parties.

2. The Court does not find that a one-sided extension of the discovery deadline makes sense given the present posture of the case. Instead, the Court will **VACATE** the deadline for discovery in **Doc. 24**, as well as the deadlines for discovery motions and all other motions in **Doc. 15.**[5] The Court will set the case for scheduling to reset the vacated deadlines, if necessary following an appearance of counsel on behalf of the Mesilla Parties.

3. Plaintiff shall serve a copy of this Order within three (3) business days of its entry on each of the Mesilla Parties by U.S. mail, postage prepaid, at the addresses identified in the Certificate of Service attached to the Motion, and, if available, to any email address Plaintiff has for a corporate representative of the Mesilla Parties.

4. The Clerk of Court is directed to update the case docket to indicate the following mailing address for Defendant and Counterclaimant Mesilla Valley Manufactured Housing Communities, LLC and Defendant Counterclaimant Rosehill Property Management, Inc. (from the Certificate of Service attached to the Motion, Doc. 31 as well as the Motion To Withdraw, Doc. 23): **P.O. Box. 1015, Tomball, TX 77375-1015.**

IT IS SO ORDERED this 22nd day of September, 2026.

KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

[5] All other scheduling order deadlines need not be vacated as they already expired before counsel for the Mesilla Parties withdrew from the case. *See* (Doc. 15).